IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| BOARD OF TRUSTEES, SHEET METAL WORKERS' NATIONAL PENSION FUND, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> GLASS MANAGEMENT SERVICES, INC., <br><br> Defendant. | Civil Action No. 1:13cv1021 (CMH/JFA) |

## **PROPOSED FINDINGS OF FACT AND RECOMMENDATIONS**

This matter is before the court on plaintiffs' motion for default judgment pursuant to Fed. R. Civ. P. 55(b)(2). (Docket no. 7). Plaintiffs are the Board of Trustees of the Sheet Metal Workers' National Pension Fund ("NPF"), the Board of Trustees of the International Training Institute for the Sheet Metal and Air Conditioning Industry ("ITI"), the Board of Trustees of the National Energy Management Institute Committee ("NEMIC"), the Board of Trustees of the Sheet Metal Occupational Health Institute Trust ("SMOHIT"), the Board of Trustees of the Sheet Metal Workers' International Association Scholarship Fund ("SMWIASF"), and the Board of Trustees of the Stabilization Agreement of the Sheet Metal Industry ("SASMI") and they seek a default judgment against defendant Glass Management Services, Inc., d/b/a U.S. Architectural Glass & Metal, Glass Management Svcs Inc., U.S. Architectural Glass and Metal, and Glass & Mirror America ("Glass"). Pursuant to 28 U.S.C. § 636(b)(1)(C), the undersigned magistrate judge is filing with the court his proposed findings of fact and recommendations, a copy of which will be provided to all parties.

1

## Procedural Background

On August 19, 2013, the plaintiffs filed this action alleging that Glass is obligated to pay them for certain overdue contributions, liquidated damages, interest, and late charges. (Docket no. 1). A summons was issued for the complaint on August 19, 2013. (Docket no. 3). The summons and complaint were served Richard Kuhn, registered agent for Glass, on August 26, 2013. (Docket no. 4). In accordance with Fed. R. Civ. P. 12(a), a responsive pleading was due on September 16, 2013, twenty-one days after Glass was served with the summons and complaint.

Glass failed to file a responsive pleading in a timely manner and on September 17, 2013, the plaintiffs filed their request for entry of default. (Docket no. 5). The Clerk of the Court entered default against Glass pursuant to Fed. R. Civ. P. 55(a) on September 18, 2013. (Docket no. 6). On October 11, 2013, the plaintiffs filed a motion for default judgment with a supporting memorandum and declarations from Walter Shaw and Elizabeth Anne Coleman and a notice of hearing for October 25, 2013 at 10:00 a.m. (Docket nos. 7-11). The motion for default judgment, supporting memorandum, and notice of hearing were served on Glass by mail on October 11, 2013. *Id.* On October 25, 2013, counsel for the plaintiffs appeared at the hearing on the motion for default judgment and no one appeared on behalf of Glass.

## Factual Background

The following facts are established by the complaint (Docket no. 1), the motion for default judgment, and the memorandum and declarations filed in support of the motion for default judgment (Docket nos. 7-10).

The each of the plaintiffs is a "fiduciary" with respect to their particular fund as defined in 29 U.S.C. § 1002(21) and they are empowered to bring this action pursuant to 29 U.S.C.

§§ 1132(a)(3) and 1132(g)(2). (Compl. ¶ 5). The NPF, the ITI, the SASMI, and the SMWIASF are jointly-trusteed trust funds created and maintained pursuant to Section 302(c) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 186(c) and are "multiemployer plans" within the meaning of 29 U.S.C. § 1002(37). *Id.* NEMIC and SMOHIT are jointly-trusteed trust funds created and maintained pursuant to Section 302(c) of the LMRA, 29 U.S.C. § 186(c). *Id.* Each of the funds for which plaintiffs bring this action is administered in Fairfax, Virginia. (Compl. ¶ 3).

Glass is an Illinois corporation with offices in Illinois and is an employer in an industry affecting commerce as defined by 29 U.S.C. §§ 152(2), and 1002(5), (11) and (12). (Compl. ¶¶ 6, 7). Glass employs employees represented for the purposes of collective bargaining by the Sheet Metal Workers' International Association Local Union No. 73, a labor organization representing employees in an industry affecting interstate commerce (the "Union"). (Compl. ¶ 9). Glass was a party to and agreed to be bound by the terms and conditions of a collective bargaining agreement with the Union (the "Labor Contract"). (Compl. ¶ 10). Glass also agreed to be bound by the terms of the agreements and declarations of trust of SASMI, NPF, ITI, and SMWIASF (the "Trust Agreements") made between certain employers and employee representatives. (Compl. ¶ 11).

Under the Labor Contract and Trust Agreements, Glass agreed to file monthly remittance reports detailing all employees or work for which contributions were required (Compl. ¶ 12) and to make full and timely contributions to the plaintiffs on behalf of employees who were covered by those agreements (Compl. ¶ 13). A complete report and payment must be submitted by the twentieth day of each month following the month in which the work was performed, and are deemed delinquent if such payment and report are not received within that time period. (Compl.

3

¶ 14). Pursuant to 29 U.S.C. §§ 1132 and 1145, the Labor Contract, and the Trust Agreements, Glass is liable to the plaintiffs for interest on delinquent contributions at the rate of 0.0233% per day, liquidated damages in the amount of 20% of the delinquent contributions owned upon filing of the action, and the attorney's fees and costs incurred in pursuing the delinquent contributions. (Compl. ¶ 16). The Trust Documents also provide that an employer, such as Glass, must pay late fees for all contributions paid late, but prior to the commencement of litigation, equal to the greater of 10% of the delinquent contributions or $50.00. (Compl. ¶ 17).

In the complaint plaintiffs seek a judgment in the amount of $19,902.04 in unpaid contributions during the periods March 2010, November 2010, March 2011 through May 2011, July 2011 through October 2011, May 2012 through August 2012, October 2012, December 2012, March 2013, May 2013, and June 2013, plus interest thereon at the rate of 0.0233% per day compounded daily in the amount of $2,977.75 calculated through August 16, 2013, and liquidated damages in the amount of $3,980.04. (Compl. ¶ 22). Plaintiffs also claim that Glass failed to pay them the required contributions in a timely manner for the months of April 2010, June 2010 through October 2010, and April 2011 through July 2011 and as a result Glass owes the plaintiffs late fees in the amount of $805.35. (Compl. ¶ 23). During the hearing on October 25, 2013, counsel for the plaintiffs represented that Glass made late, partial payments for April and July 2011 and that is why amounts are claimed for late fees and unpaid contributions for those two months.

In the motion for default judgment (Docket no. 7), plaintiffs claim they are entitled to a judgment in following amounts.[1]

| Plaintiff | Contributions | Interest through 10/10/2013 | Liquidated Damages | Late Fees | Total |
|---|---|---|---|---|---|
| NPF | $18,849.59 | $3,084.50 | $3,769.84 | $531.38 | $26,235.31 |
| ITI | $611.94 | $104.37 | $122.31 | $49.00 | $887.62 |
| SMOHIT | $101.99 | $17.40 | $20.32 | $9.01 | $148.72 |
| NEMIC | $152.97 | $26.11 | $30.54 | $13.32 | $222.94 |
| SMWIASF | $50.98 | $8.69 | $10.12 | $5.63 | $75.42 |
| SASMI | $134.57 | $30.37 | $26.91 | $197.01 | $388.86 |
| Total | $19,902.04 | $3,271.44 | $3,980.04 | $805.35 | $27,958.87 |

**Proposed Findings and Recommendations**

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of a default judgment when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." The court must have both subject matter and personal jurisdiction over a defaulting party before it can render a default judgment.

A defendant in default admits the factual allegations in the complaint. *See* Fed. R. Civ. P. 8(b)(6) ("An allegation -- other than one relating to the amount of damages -- is admitted if a responsive pleading is required and the allegation is not denied."); *see also GlobalSantaFe*

---

[1] There is a difference in the amounts sought in the motion for default judgment (Docket no. 7) and the complaint (Docket no. 1) because in the complaint the interest is calculated only up to and including August 16, 2013 and the motion for default judgment contains an itemization of the attorney's fees and costs sought.

*Corp. v. Globalsantafe.com*, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003) ("Upon default, facts alleged in the complaint are deemed admitted and the appropriate inquiry is whether the facts as alleged state a claim."). Rule 55(b)(2) provides that a court may conduct a hearing to determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter.

### Jurisdiction and Venue

The plaintiffs allege that this court has subject matter jurisdiction under Section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132. (Comp. ¶ 1). ERISA Section 502 provides that U.S. district courts have jurisdiction over civil actions brought under this title. This case is properly before the court under its federal question jurisdiction pursuant to 29 U.S.C. § 1132(e) since it is brought under ERISA for an alleged failure to make contributions in accordance with a collective bargaining agreement or multi-employer plan. The plaintiffs further allege that this court has subject matter jurisdiction under Section 301 of the LMRA, 29 U.S.C. § 185. *Id.* That section provides that U.S. district courts have jurisdiction over suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce. This case is also properly before the court pursuant to 29 U.S.C. § 185(a) since it is brought under the LMRA for violation of a contract between an employer and a labor organization.

ERISA Section 502 states that an action under this title may be brought in the "district where the plan is administered" and "process may be served in any other district where a defendant resides or may be found." 29 U.S.C. § 1132(e)(2). (Comp. ¶ 2). The plaintiffs state that they are administered in Fairfax, Virginia. (Compl. ¶ 3). On August 26, 2013, the

summons and complaint were served on the registered agent for Glass. (Docket no. 4). Venue is proper in this court and this court has personal jurisdiction over the defendant since the plaintiffs are administered within the Alexandria Division of the Eastern District of Virginia. *See Bd. of Trs., Sheet Metal Workers' Nat'l Pension Fund v. McD Metals, Inc.*, 964 F. Supp. 1040 (E.D. Va. 1997) (personal jurisdiction in an ERISA action should be determined on the basis of the defendant's national contacts with the United States pursuant to the Due Process Clause of the Fifth Amendment and ERISA itself provides for nationwide service of process).

For these reasons, the undersigned magistrate judge recommends a finding that this court has subject matter jurisdiction over this action, that the court has personal jurisdiction over the defendant, and that venue is proper in this court.

### Grounds for Entry of Default

The complaint was served on the registered agent for Glass on August 26, 2013. (Docket no. 4). Under Fed. R. Civ. P. 12(a), a responsive pleading was due on September 16, 2013, twenty-one days after the complaint had been served on the defendant. After the defendant failed to file an answer or responsive pleading in a timely manner, the plaintiffs requested an entry of default on September 17, 2013. (Docket no. 5). The Clerk of the Court entered a default on September 18, 2013. (Docket no. 6).

The undersigned magistrate judge recommends a finding that the defendant was served properly, that it failed to file a responsive pleading in a timely manner, and that the Clerk of the Court properly entered a default as to the defendant.

## Liability and Measure of Damages

Rule 54(c) provides that a default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Because the defendant did not file a responsive pleading and is in default, it admits the factual allegations in the complaint. *See* Fed. R. Civ. P. 8(b)(6).

As set forth in the complaint, Glass failed to submit remittance reports and contributions to the plaintiffs for the periods March 2010, November 2010, March 2011 through May 2011, July 2011 through October 2011, May 2012 through August 2012, October 2012, December 2012, March 2013, May 2013, and June 2013. (Compl. ¶ 22). Specifically, 29 U.S.C. § 132(g)(2) provides that in any action brought to enforce the payment of delinquent contributions in which a judgment in favor of the plan is awarded, the court shall award the plan:

    (A) the unpaid contributions,

    (B) interest on the unpaid contributions,

    (C) an amount equal to the greater of --

        (i) interest on the unpaid contributions, or

        (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

    (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and

    (E) such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2).

In support of their claim for damages, the plaintiffs submitted a declaration from Walter Shaw. (Docket no. 9) ("Shaw Decl."). Mr. Shaw is the Billing and Eligibility Manager of the NPF and he is familiar with the payment histories of employers obligated to make contributions to each of the plaintiffs. (Shaw Decl. ¶ 1). The information contained in the declaration of Mr. Shaw submitted on behalf of the plaintiffs establishes that Glass owes at least $19,902.04 to the plaintiffs in unpaid contributions for the months March 2010, November 2010, March 2011 through May 2011, July 2011 through October 2011, May 2012 through August 2012, October 2012, December 2012, March 2013, May 2013, and June 2013; interest of $587.75[2] calculated at a rate of 0.0233% per day from the date the payment was due through October 10, 2013; and liquidated damages of $995.84 on the contributions unpaid at the commencement of litigation calculated at a rate of 20%. (Shaw Decl. ¶¶ 6, 9, 10, Ex. 3).

The Shaw declaration also establishes that Glass owes the plaintiffs late fees totaling $805.35 for contributions paid after the due date and prior to the filing of the lawsuit for the period April 2010, June 2010 through October 2010, and April 2011 through July 2011. (Shaw Decl. ¶ 11, Ex. 3).

The plaintiffs also submitted a declaration from Elizabeth Anne Coleman detailing the attorney's fees and costs incurred in this action. (Docket no. 10) ("Coleman Decl."). The total amount of the attorney's fees incurred was $3,813.00. (Coleman Decl. ¶ 5). The $3,813.00 in fees is comprised of 8.4 hours of counsel's time at an hourly rate of $270.00 and 10.3 hours of

---

[2] Paragraph 9 of the Shaw declaration appears to contain an error in the amount of interest that is claimed. Paragraph 9 states the amount is $587.75, however Exhibit 3 states the amount due calculated through October 10, 2013 is $3,271.44. The amount contained in Exhibit 3 is consistent with the amount contained in the complaint ($2,977.75 through August 16, 2013) when the additional time period is included.

9

legal assistants' time at an hourly rate of $150.00. *Id.* The amount of costs was $723.48, which is comprised of $234.00 for service fees, $400.00 for the filing fee, $6.77 for postage, $64.92 in courier fees, and $17.79 in overnight delivery charges. (Coleman Decl. ¶ 6). The undersigned magistrate judge has reviewed the declaration of Ms. Coleman and recommends a finding that the hourly rates charged and the costs incurred by the plaintiffs are reasonable.[3] After reviewing the individual time entries, the court also recommends a finding that the time entries recorded by counsel and the legal assistants appear to be reasonable. Accordingly the undersigned recommends an award of $3,813.00 in fees and $723.48 in costs.

For these reasons the undersigned recommends that a default judgment be entered in favor of the plaintiffs against Glass in the amounts shown below:

| *Plaintiff* | *Contributions* | *Interest through 10/10/2013* | *Liquidated Damages* | *Late Fees* | *Total* |
|---|---|---|---|---|---|
| NPF | $18,849.59 | $3,084.50 | $3,769.84 | $531.38 | $26,235.31 |
| ITI | $611.94 | $104.37 | $122.31 | $49.00 | $887.62 |
| SMOHIT | $101.99 | $17.40 | $20.32 | $9.01 | $148.72 |
| NEMIC | $152.97 | $26.11 | $30.54 | $13.32 | $222.94 |
| SMWIASF | $50.98 | $8.69 | $10.12 | $5.63 | $75.42 |

---

[3] The Coleman declaration does not comply fully with the standards set forth in *Grissom v. The Mills Corp.*, 549 F.3d 313, 320-23 (4th Cir. 2008), *Barber v. Kimbrell's Inc.*, 577 F.2d 216, 226 (4th Cir. 1978) and *Plyler v. Evatt*, 902 F.2d 273, 277 (4th Cir. 1990) for establishing a reasonable hourly rate. The Coleman declaration merely states that the hourly rates charged are consistent with prevailing market rates in the Eastern District of Virginia for those of similar skill for ERISA cases without providing any supporting information or basis for that opinion. However, since the defendant has not contested the hourly rates in this case, the court will accept the allegations set forth by the plaintiffs concerning the reasonableness of those rates as true. The hourly rates and costs requested are consistent with the rates and costs incurred in similar cases and awarded by this court.

| | | | | | |
|---|---|---|---|---|---|
| SASMI | $134.57 | $30.37 | $26.91 | $197.01 | $388.86 |
| Total | $19,902.04 | $3,271.44 | $3,980.04 | $805.35 | $27,958.87 |

## Conclusion

For the reasons stated above, the undersigned recommends that a judgment be entered on in favor of the plaintiffs the NPF, the ITI, the NEMIC, the SMOHIT, the SMWIASF, and the SASMI in the total amount of $32,495.35, which includes contributions of $19,902.04, interest of $3,271.44, liquated damages of $3,980.04, late fees of $805.35, legal fees of $3,813.00, and costs of $723.48.

## Notice

By means of the court's electronic filing system and by mailing a copy of the proposed findings of fact and recommendations to Glass Management Services, Inc., Richard W. Kuhn, Registered Agent, 552 S. Washington Street, #100, Naperville, IL 60540 the parties are notified that objections to this proposed findings of fact and recommendations must be filed within fourteen (14) days of service of this proposed findings of fact and recommendations and a failure to file timely objections waives appellate review of the substance of the proposed findings of fact and recommendations and waives appellate review of any judgment or decision based on this proposed findings of fact and recommendations.

ENTERED this 28th day of October, 2013.

/s/ JFA
John F. Anderson
United States Magistrate Judge

John F. Anderson
United States Magistrate Judge

Alexandria, Virginia